UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:22-CR-00264 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL KIMBRO, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Before the Court is the *pro se* motion of Defendant Nathaniel Kimbro pursuant to 18 U.S.C. § 3582 (c)(2) seeking to reduce the sentence of 78 months imprisonment imposed on him after he pled guilty to one count of being a felon in possession of a firearm and ammunition and one count of possession of a firearm with an obliterated serial number. R. 45. The Federal Public Defender, who was appointed to review Defendant's case, filed a notice that he found no basis to supplement the Defendant's motion. R. 46. Government opposes the motion. R. 47.

Defendant's motion itself simply cites the applicable statute governing the reduction of a sentence and then concludes by asking the Court to give his request for sentence reduction "serious consideration," although it provides no factual basis or specific argument for granting the motion. R. 45, Page ID#: 267-68. The Government's opposition notes that Defendant was not under a criminal justice sentence when he committed the present offense, nor did he receive any status points based on his history. R. 47, Page ID#: 275. Thus, the Government concludes

that Defendant is not eligible for a reduction in sentence under Part A of Amendment 821. *Id.* Moreover, the Government also points out that Defendant received 5 criminal history points at sentencing and therefore does not qualify for sentence reduction under Part B of Amendment 821 since he is not a "zero-point offender." *Id*.

A review of Defendant's judgment (R. 34) and final presentence report (R. 30) shows that with a three-level decrease for acceptance of responsibility, Defendant had a total offense level of 25. *Id.*; *see also*, R. 39, Page ID#: 195 (transcript of sentencing hearing). Defendant had three prior criminal convictions, R. 3, Page ID#: 117-20, but Defendant was not under sentence for any of these prior convictions when he committed the current offenses. *See*, R. 39, Page ID#: 200. Defendant had 5 criminal history points but no status points. R. 30, Page ID#: 116-120. Moreover, at the sentencing hearing, the Court concluded that Defendant has a criminal history category III and an advisory guideline sentence range of 70-87 months. R. 39, Page ID#: 204. Defendant was sentenced to 78 months imprisonment. R. 34, Page ID: 145 (judgment).

As stated in *United States v. Javis*, 2025 WL 1732844 (N.D. Ohio June 23, 2025), courts employ a two-step approach when deciding whether to reduce a sentence under the retroactive amendment to the advisory sentencing guidelines. *Id*., at *1. First, the court must consider the scope of the reduction sought and then it must address whether such reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Id*., citing *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under Part A of Amendment 821 and sentencing guideline §4A1.1(e), status points are eliminated for defendants with 6 or fewer criminal history points. *Javis,* 2025 WL 1732844, at *1, citing U.S.S.G. § 4A1.1(e). Part B of Amendment 821 created §4C1.1, which permits a two-level reduction for certain offenders with zero criminal history points. *Id*., citing U.S.S.G. § 4C1.1. The Amendment was given retroactive effect to any sentence reduction

order effective February 1, 2024, or later. *Id*., citing U.S.S.G. § 1B1.10(e)(2).

Considering the relevant facts in light of the applicable law, the Court finds that Defendant is not eligible for a reduction in sentence under Part A because he was not under another criminal sentence at the time of this offense, nor did he receive any status points. Further, he is not entitled to a reduction under Part B because Defendant received 5 criminal history points and so is not a "zero-point offender" under § 4C1.1.

Accordingly, for the reasons stated, Defendant's motion (R. 45) is DENIED.

**IT IS SO ORDERED.**

Dated: December 8, 2025

*David A. Ruiz*
David A. Ruiz
United States District Judge